UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRAVEL LIKE A BAWSE LLC, | : | **Document Filed Electronically** |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | _____, U.S.D.J. |
| | : | _____, U.S.M.J. |
| NOMAD EDUCATION LIMITED (d/b/a TRAVEL MASTERY), NATHAN BUCHAN, and JUBRIL AGORO, | : : : | |
| | : | |
| Defendants. | x | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Travel Like a Bawse LLC ("Bawse") alleges the following for its complaint against Defendants Nomad Education Limited (d/b/a Travel Mastery) ("Nomad"), Nathan Buchan ("Buchan"), and Jubril Agoro ("Agoro") (collectively "Defendants"):

**NATURE OF THE ACTION**

This is an action for copyright infringement, unfair competition, and breach of implied contract arising from Defendants' unauthorized copying and use of Plaintiff's copyrighted materials without authorization on a website developed and maintained by Defendants. Defendants' misappropriation and unlawful conduct have irreparably harmed Bawse and caused Bawse irreparable damage and monetary harm, for which Bawse requests relief in this Court.

**JURISDICTION AND VENUE**

1.      This is an action for damages and injunctive relief against Defendants arising under the Lanham Act 15 U.S.C. §§ 1051 *et seq.*, the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and includes claims for unfair competition arising under state law.

2.      This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*), and includes claims

7860243

of unfair competition that are joined with substantially related claims under the copyright laws of the United States pursuant to 28 U.S.C. § 1338(b).

3. This Court has supplemental jurisdiction over the state law claims of this complaint pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1400(a) and (b), as a substantial part of the events giving rise to the claims in this complaint occurred in this judicial district, within the meaning of 28 U.S.C. § 1391(c).

5. Defendants regularly conduct business in this district and throughout the United States, and are actively engaged in promoting, advertising, marketing, and/or offering products within this judicial district, including the accused products at issue in this lawsuit. Defendants' contacts with this district are sufficient to confer personal jurisdiction over Defendants.

## PARTIES

6. Plaintiff Travel Like a Bawse LLC ("Bawse") is a New Jersey limited liability company having an address at 11 Edgerton Terrace, East Orange, New Jersey 07017. Bawse provides a highly popular course on how to safely travel solo, which has been featured in a number of nationally syndicated publications and television shows.

7. Upon information and belief, Defendant Nomad Education Limited ("Nomad") is a limited company organized under the laws of the nation of New Zealand doing business as Travel Mastery, having an address at 3 Verbena Glen, Mount Maunganui, 3116 NZL. Upon information and belief, Defendant Nathan Buchan ("Buchan") is an individual who is a citizen of New Zealand, also having an address at 3 Verbena Glen, Mount Maunganui, 3116 NZL. Upon information and belief, Defendant Jubril Agoro ("Agoro") is an individual who is a citizen of the United States, having an address at 220 South Roselle Road, Unit 207, Schaumburg, Illinois 60193.

## BACKGROUND

### Bawse And Its Proprietary Materials

8. Bawse provides a nationally recognized course and website providing information and guidance for individuals traveling alone. Bawse's materials have been featured in a number of publications and television shows, including, but not limited to, Business Insider, Forbes, USA Today, xo Necole, Essence, and The Washington Post.

9. Shakeemah Smith, the sole principal and owner of Bawse, began creating content for Bawse in 2015 in the form of a six-week online course entitled "Travel Like a Bawse." The course "teaches women how to master solo travel safely, confidently, and without draining their bank account."[1]

10. Bawse additionally offers weekly private coaching calls as well as access to a community of other solo female travelers.

11. The proprietary information used by Bawse is registered with the United States Copyright Office. Specifically, Bawse is the owner of Copyright Registration No. TXu002194343.

12. Bawse is the owner of United States Trademark Registration No. 6,713,136 for the mark TRAVEL LIKE A BAWSE in connection with the sale of "Entertainment and educational services, namely, the presentation of seminars, lectures, workshops and panel discussions, and ongoing television and radio talk shows all in the field of public interest concerning personal development, travel, and personal finances."

---

[1] https://travellikeabawse.com/about

## The Relationship Between The Parties

13. In September 2021, Bawse hired Defendants as independent contractors to create and manage social media advertisements to further promote the materials created and offered by Bawse. In order to facilitate Defendants' services, Bawse, through Ms. Smith, provided Defendants with custom advertising copy that Ms. Smith previously created.

14. In return for Defendants' advertising services, Defendants received 30% of the profit earned by Bawse as a result of Defendants' services during the term of the parties' relationship.

15. As independent contractors hired to promote the proprietary materials created and offered by Bawse, Defendants had an ethical obligation to Bawse and was given extensive access to Bawse's course materials as well as insight into how to appeal to solo female travelers.

16. In entering into an agreement with Defendants, Bawse entrusted its proprietary material to Defendants and reasonably understood and expected that Defendants would not misappropriate Bawse's proprietary material.

17. On or about December 2022, Ms. Smith, on behalf of Bawse, approached Defendants to renegotiate the payment terms for Defendants' services after learning that the 30% being charged was well above market rate for such services. Negotiations proved fruitless, and the arrangement between the parties was ultimately terminated.

## Defendants' Wrongful Conduct

18. After the termination of the parties' relationship, Defendants, through Nomad, introduced a competing product into the market.

19. The products introduced by Defendants, comprising courses, webinars, and travel information for individuals traveling alone, are materially identical to materials created and offered

by Bawse. Defendants are now and have been offering for sale in this district, and elsewhere in the United States, infringing material.

20. In particular, Bawse has, since as early as 2020, offered course webinars that include the following information (1) specifically what to pack for international travel, including specific health essentials and first aid kits, (2) entry and visa requirements; (3) how to pay for flights on layaway; (4) how to obtain last-minute flight upgrades; (5) how to visit two countries for the price of one through the use of extended layovers; (6) how to get cash back for canceled flights; (7) how to travel safely; (8) lists of world embassies and how to use them in emergencies; and (9) how to have photos taken during a solo vacation. Upon information and belief, Defendants have copied this material to promote their own competing webinar course.[2]

21. Defendants have additionally utilized proprietary material of Bawse on courses covering safety tools for United States citizens traveling abroad. This material was introduced by Bawse in 2020, one year prior to the inception of the parties' relationship.

22. Furthermore, previous versions of Defendants' courses advertised Airbnb experiences and guidance on contacting the United States Embassy in foreign countries. These two tips, in this precise order, are an integral portion of Plaintiffs' course and have been made available by Plaintiff prior to the start of Defendants' services.

23. Defendants' materials and guidance to travelers followed the same tenets provided by Bawse. Examples include, but are not limited to, the below:

---

[2] Flights on layaway are exclusively available to United States citizens. Upon information and belief, Defendant Nathan Buchan, a citizen of New Zealand, would be ineligible to use this feature and learned about this tool through his relationship with Plaintiff.





24. Defendants advertising and marketing materials have even tried to suggest a false associates with Plaintiff by making explicit use of Plaintiff's name and registered trademark in their materials like the above, which states: "Get unlimited access to the Travel Mastery platform & start **traveling like a boss!**" (emphasis added).

25. Defendants' unauthorized copying has been willful, and Defendants intentionally interfered with Bawse's business relations by offering to sell the infringing courses, thereby wrongfully diverting sales from Bawse.

26. Defendants' unauthorized copying, promotion, and sale of the infringing products have caused Bawse irreparable financial harm.

27. Upon information and belief, by the acts alleged above, Defendants have made substantial profits to which they are not entitled and have caused Bawse to lose sales and/or other opportunities for monetary gain.

## FIRST CLAIM OF RELIEF
## Copyright Infringement

28. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

29. Bawse has established copyrights in the material found and offered for sale through its website. Bawse's webinars, courses, and travel guidance constitute copyrightable subject matter under the copyright laws of the United States. Bawse is the owner of all right, title, and interest in and to U.S. Copyright Registration No. TXu002194343.

30. Defendants' copying and use of proprietary material is a violation of Bawse's exclusive rights to the original work of authorship in the material, including, but not limited to, the exclusive right to make reproductions and distribute copies to the public.

31. Upon information and belief, the acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Bawse's rights.

32. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Bawse's property and business.

## SECOND CLAIM FOR RELIEF

### Common–Law Unfair Competition Under Federal Law And The Laws Of New Jersey

33. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

34. Defendants have utilized unfair business practices, namely, utilizing a previous business relationship with Bawse to obtain access and control of Bawse's proprietary information and target market and creating competing products incorporating said proprietary information.

35. The conduct of Defendants has injured Bawse in an amount to be determined at trial and has caused and will continue to cause irreparable harm to Bawse, for which no adequate remedy at law is available.

## THIRD CLAIM FOR RELIEF

### Breach Of Implied Contract

36. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

37. In September 2021, Bawse hired Defendants as independent contractors to create and manage social media advertisements to further promote the materials created and offered by Bawse.

38. To facilitate the services to be provided by Defendants, Bawse entrusted Defendants with proprietary material to be marketed on the behalf of Bawse.

39. As independent contractors hired to promote the materials created and offered by Bawse, Defendants had an ethical obligation to Bawse.

40. In entering into an agreement for Defendants' services, Bawse had the reasonable expectation that Defendants would not misappropriate Bawse's proprietary material and would not use that proprietary material to start a competing business.

41. In return for Defendants' services, Bawse provided compensation in the amount of 30% of profits earned by Bawse as a result of Defendants' services.

42. Bawse continued to provide compensation to Defendants until the contractual relationship between the parties was terminated.

43. Thereafter, Defendants wrongfully misappropriated Bawse's proprietary material to the detriment of Bawse.

44. Namely, Defendants improperly used Bawse's proprietary information and target market to create and sell competing products incorporating said proprietary information.

45. Bawse has suffered damages in an amount to be determined as a result of Defendants' breach of the parties' agreement.

## FOURTH CLAIM FOR RELIEF

### False Association

46. Bawse repeats and makes a part hereof the preceding allegations as if each were more fully set forth herein.

47. Defendant's wrongful activities are likely to cause confusion, or to cause mistake, or to deceive, or to cause a false association, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

48. The aforesaid acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of their legal obligations to Bawse.

49. The aforesaid conduct of Defendants caused and, unless restrained by this Court will continue to cause immediate, great, and irreparable harm to Bawse's property and business.

50. Bawse has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Trademark Infringement In Violation Of 15 U.S.C. § 1114

51. Bawse repeats and makes a part hereof the preceding allegations as if each were more fully set forth herein.

52. Defendants' unauthorized use of the mark TRAVEL LIKE A BOSS is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

53. The aforesaid acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of their legal obligations to Bawse.

54. The aforesaid conduct of Defendants has caused, and unless restrained by this Court will continue to cause immediate, great, and irreparable harm to Bawse's property and business.

55. Bawse has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bawse demands judgment as follows:

A. A declaration that Defendants have willfully infringed Bawse's copyrighted works;

B. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from copying, distributing, selling, reproducing, or preparing derivative works of any original works of authorship of Bawse, ordering Defendants to cancel all subscriptions to webinars and courses substantially similar to Bawse's copyrighted works, ordering Defendants to deliver up for destruction all prints, catalogs,

sell sheets, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products substantially similar to Bawse's copyrighted works;

  C. A declaration that Defendants' have engaged in unfair competition;

  D. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from unfairly competing with Bawse in any manner whatsoever;

  E. A declaration that Defendants' have breached the implied contract between the parties;

  F. An award to Bawse of its actual damages and for all profits realized by Defendants in connection with their wrongful activities;

  G. An award to Bawse of its statutory damages incurred by Defendants' wrongful activities;

  H. An award to Bawse of treble, exemplary, and/or punitive damages;

  I. A finding that this case is exceptional;

  J. An award to Bawse of its reasonable attorney fees pursuant to 17 U.S.C. § 505, filing fees, and the costs of this action;

  K. Prejudgment and postjudgment interest on the above monetary awards; and

  L. Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

            Respectfully submitted,

13

LERNER DAVID LLP

*Attorneys for Plaintiff Travel Like A Bawse LLC*

Dated: November 3, 2023                    By:     s/ Matthew G. Miller
                                                          Matthew G. Miller
                                                          Tel:    908.518.6348
                                                          E-mail: mmiller@lernerdavid.com
                                                                    litigation@lernerdavid.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

       The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated: November 3, 22023                    By:     s/ Matthew G. Miller
                                                           Matthew G. Miller
                                                           Tel:    908.518.6348
                                                           E-mail: mmiller@lernerdavid.com
                                                                     litigation@lernerdavid.com